IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EOD
01/30/2014

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **SALMAN VALLIANI** § | | |
| xxx-xx-9223 § | Case No. 12-43306 | |
| **and SEEMA VALLIANI** § | | |
| xxx-xx-4150 § | | |
| § | | |
| Debtors § | Chapter 7 | |
| AMERICAN EXPRESS § | | |
| CENTURION BANK § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | Adversary No. 13-4030 | |
| § | | |
| SALMAN VALLIANI § | | |
| and SEEMA VALLIANI § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM OF DECISION GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

Now before the Court in the above-referenced adversary proceeding is the Plaintiff's Motion for Summary Judgment (the "Motion") filed by the Plaintiff, American Express Centurion Bank ("Plaintiff" or "AMEX") on November 26, 2013. No response or objection to the Motion was filed by Salman Valliani and Seema Valliani ("Defendants" or "Debtors"). Based upon the Court's consideration of the pleadings and

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as other evidentiary doctrines applicable to the specific parties in this proceeding.

the proper summary judgment evidence submitted by the parties, the Court concludes that the Plaintiff's Motion for Summary Judgment should be granted.[2]

## Factual and Procedural Background

This adversary proceeding was commenced by the Plaintiff, American Express Centurion Bank, to dispute the dischargeability of a debt owed to Plaintiff by Defendants. Prior to their bankruptcy filing, Defendants maintained a revolving charge account with AMEX, account # xxxx-xxxxxx-x5001 (the "Account"). Defendants were the authorized users on the Account since 2005 and made periodic charges on the Account in accordance with the terms of the cardholder agreement. On January 31, 2012, Salman Valliani made one charge to satisfy a tax obligation in the amount of $4,233.04 to the Denton County Tax Assessor-Collector. He also charged the sum of $101.59 to pay for a service fee associated with that tax payment. Defendants subsequently failed to remit any payment for these charges.

On December 3, 2012, the Defendants filed their voluntary Chapter 7 petition. At the time of the filing, Defendants' outstanding balance was $12,045.37. On March 11, 2013, Plaintiff timely commenced this adversary proceeding by filing a complaint seeking a determination that the debt arising from the tax payment and associated service fee charged to the Defendants' AMEX account is nondischargeable pursuant to §523(a)(14A)

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

of the Bankruptcy Code. The summons and complaint were served upon Defendants on March 12, 2013. On April 18, 2013, Defendant Salman Valliani filed an answer to the complaint. On April 23, 2013, Defendant Seema Valliani filed an answer to the complaint.

On July 15, 2013, Plaintiff served its first discovery requests upon the Defendants through their counsel. These requests included Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents ("Requests"). The Defendants failed to respond on a timely basis. On August 22, 2013, Plaintiff's counsel sent correspondence to counsel for the Defendants requesting the submission of the now-overdue discovery responses on or before September 3, 2013.[3] The Defendants have never provided responses to the discovery requests.

In light of this fact, all of the asserted facts contained in Plaintiff's Request for Admissions are deemed admitted pursuant to Fed. R. Bankr. P. 7036.[4] Among the facts deemed admitted by Defendants are:

(1) The information shown on the February 13, 2012 account statement (attached to the request as Appendix A) accurately reflects the activity on the Defendants' AMEX account ending in 5001;

---

[3] See Ex. 8 to the Motion.

[4] Fed. R. Bankr. P. 7036, applying Rule 36 of the Fed. R. Civ. P., provides, in part, "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). In the absence of a timely motion to withdraw or amend that is subsequently granted, a fact deemed admitted pursuant to Rule 36 must be enforced against the defaulting party. *Carney v. IRS*, 258 F.3d 415, 418 (5th Cir. 2001).

(2) The balance of the Account as of the date of the filing of the Defendants' Chapter 7 petition was $12,045.37;

(3) The terms and conditions of the account agreement between the Defendants and the Plaintiff call for the payment of reasonable attorneys' fees and all costs expended by AMEX in the collection of the Account;

(4) On January 31, 2012, Salman Valliani made one (1) charge in the amount of $4,233.04 to DENTON CO TX TAX for a tax payment;

(5) The charge in the amount of $4,233.04 at DENTON CO TX TAX was incurred to pay property taxes;

(6) On January 31, 2012, Salman Valliani incurred one (1) charge in the amount of $101.59 at DENTON CO TX TAX, as identified on Appendix A to the Request;

(7) The charge in the amount of $101.59 at DENTON CO TX TAX was a necessary fee in order to pay the Defendants' property taxes to Denton County, Texas, using the AMEX account;

(8) The charges to DENTON CO TX TAX were made for the benefit of both of the Defendants, Salman Valliani and Seema Valliani;

(9) The Defendants own one property located in Denton County, Texas, at 5348 Timber Park Drive, in Flower Mound, Texas;

(10) The property taxes in Denton County, Texas for 2011 were due, without penalty, by January 31, 2012;

(11) Salman Valliani used the Account to pay property taxes due for 2011;

(12) The date of December 3, 2011 is one year before the date of the filing of the Defendants' voluntary bankruptcy petition;

(13) The charges incurred to DENTON CO TX TAX were for property taxes incurred before the commencement of the bankruptcy case and last payable without penalty after one year before the date of the filing of the petition;

(14) The charges at issue to DENTON CO TX TAX were incurred to pay taxes to

  a governmental unit, other than the United States, specifically to Denton County, Texas, that would be nondischargeable pursuant to 11 U.S.C. §523(a)(1);

(15) Pursuant to 11 U.S.C. §523(a)(1), the charges incurred to DENTON CO TX TAX are excepted from discharge;

(16) The Defendants were personally liable to Denton County, Texas for property taxes;

(17) The charges totaling $4,334.63, including service fee, made to DENTON CO TX TAX, as identified on Appendix A, are nondischargeable pursuant to 11 U.S.C. §523(a)(14A).

*See* Ex. 9A and Ex. 11 of *Attachments to Plaintiff's Motion for Summary Judgment and Brief in Support Against Defendants, Salman Valliani and Seema Valliani*. The Plaintiff contends that the admitted facts are sufficient to establish that the portion of the Defendants' credit card debt attributable to the tax payment and related service charge, totaling $4,334.63, is non-dischargeable under §523(a)(14A).

## Discussion

*Standard for Summary Judgment*

  AMEX brings its Motion for Summary Judgment in the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,*

477 U.S. 317, 322 (1986), *quoting* FED. R. CIV. P. 56(c).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997); *Thom v. State Farm Lloyds*, 10 F.Supp.2d 693, 698 (S.D. Tex. 1997).

If the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson,* 477 U.S. at 248-49 (*citing* FED. R. CIV. P. 56(e)). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 529 (5th Cir.2005). The substantive law will identify which facts are material. *Anderson,* 477 U.S. at 248-49.

To determine whether summary judgment is appropriate, the record presented is viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). However, if the evidence demonstrating the need for trial "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. Thus, a non-movant must show more than a "mere disagreement" between the parties, *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993), or that there is merely "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Essentially, if a non-movant fails to set forth specific facts that present a triable issue, its claims should not survive summary judgment. *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 494 (5th Cir. 2001).

*Analysis*

  11 U.S.C. §523(a)(14A) provides that:

  a discharge under §727 of this title does not discharge an individual debtor from any debt for money, property, or services, . . . incurred to pay a tax to a governmental unit, other than the United States,[5] that would be nondischargeable under paragraph (1) [i.e., §523(a)(1)].

This subsection was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") as a nonfederal tax counterpart to §523(a)(14). Each of those subsections is designed to prevent bankruptcy debtors from seeking to

---

[5] The payment of a tax owing to the United States is covered by §523(a)(14).

convert non-dischargeable debt to dischargeable debt by borrowing funds to pay an otherwise non-dischargeable tax debt and then subsequently seeking to discharge the indebtedness arising from such payment as a general unsecured debt. *See, e.g. Ramey v. Barton (In re Barton)*, 321 B.R. 869, 875 (Bankr. N.D. Ohio 2004) [observing that "this section was intended to impose a limitation on pre-bankruptcy substitution of a dischargeable obligation for a nondischargeable obligation"]. These subsections were adopted because the scenario presented in the case at bar became more prevalent as taxing authorities at all levels began to authorize the use of credit cards as a convenient means to pay tax obligations. *Van Dyn Hoven v. Bank of Kaukauna (In re Van Dyn Hoven)*, 470 B.R. 822, 825-26 (E. D. Wisc. 2012) (citing, with reference to the federal tax subsection, *Bankruptcy Amendments Act of 1993: Hearings on S. 540 Before the Subcomm. on Courts and Admin. Prac. of the Comm. on the Judiciary*, 103d Cong. 265, 370-71 (1993) and Pub. L. 109-8, §314(a)).

> In order to prevail on a claim under §523(a)(14A), the creditor must show that:
>
> (1) the debt was incurred to pay a tax to a governmental unit other than the United States; and
> (2) the tax owed to that governmental unit would have been nondischargeable under §523(a)(1) if had not been paid pre-petition through the use of the borrowed funds.

A plaintiff seeking relief under §523(a)(14) or (14A) must show that the defendant incurred the debt specifically for the payment of taxes to a governmental unit. 4 COLLIER ON BANKRUPTCY ¶ 523.21 at p.523-124 (16th ed. 2013) [noting that "the use of the

phrase 'incurred to pay' expresses Congress' intent to limit the exception to cases in which the debtor incurred the debt for the purpose of paying . . . taxes]. Thus, strictly construing the exception to discharge against a creditor, a general advance of credit for general business purposes is not sufficient, even if some of those credit outlays are eventually used to pay tax obligations. *Van Dyn Hoven,* 470 B.R. at 828.

The Plaintiff's proper summary judgment evidence establishes, in the absence of contradiction, that the Defendants, Salman Valliani and Seema Valliani, are generally liable for the amounts indicated to be due on the relevant statements for the Account – a liability that has not been disputed by the Defendants.[6] Included among those statement liabilities was a charge incurred on January 31, 2012 by Salman Valliani to pay the tax claims due and owing to Denton County, Texas, a nonfederal governmental unit, for the aggregate amount of $4,334.63[7] to pay property taxes[8] due and owing for tax year 2011,[9] and payable without penalty on or before January 31, 2012,[10] assessed with regard to their residential real property located within the confines of Denton County.[11] These charges

---

[6] See Exhibit "A" to the Complaint, Ex. 10 to the Plaintiff's Motion at ¶ 10; Undisputed Material Fact #12.

[7] See Admissions #4 and #6; Affidavit of American Express Paragraph at ¶11; Undisputed Material Facts #23 and #25; and with regard to the related service fee: Admission #7 and Undisputed Material Fact #26.

[8] See Admission #5.

[9] See Admission #11 and Undisputed Material Fact #30.

[10] See Admission #10 and Undisputed Material Fact #29.

[11] The property is located at 5348 Timber Park Drive, Flower Mound, Denton County, Texas. See Ex. 6, Admission #9 and Undisputed Material Fact #28.

were for satisfaction of property tax obligations that were incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition[12] and, in fact, the charges were incurred within one year before the date of the filing of the Defendants' voluntary bankruptcy petition.[13] The charges which satisfied the 2011 property tax obligations of the Defendants[14] were made for the benefit of both of Salman and Seema Valliani.[15]

Though the Defendants' admissions regarding legal conclusions are not binding,[16] the proper summary judgment evidence presented by the Plaintiff further establishes that the tax due and owing to Denton County, which was paid by the Defendants through the use of the Account, would have been nondischargeable under §523(a)(1) in the Defendants' bankruptcy case if had not been paid pre-petition through the use of the funds borrowed from the Plaintiff.

Among other types of taxes and custom duties, § 523(a)(1)(A) of the Bankruptcy

---

[12] See Admission #13 and Undisputed Material Fact #32.

[13] See Admission #12 and Undisputed Material Fact #31.

[14] The Defendants admit that they were personally liable to Denton County, TX, for property taxes (Admission #16 and Undisputed Material Fact #35).

[15] See Admission #8 and Undisputed Material Fact #27.

[16] Requests for admissions cannot be used to compel admission of a conclusion of law. *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001). See also, *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) [observing that "requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions"]; and *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284 (N.D. Tex. Nov. 21, 2005) ["Under Rule 36, however, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not conclusions of law unrelated to the facts."].

Code excepts from discharge all taxes of the kind and for the periods specified in §507(a)(8). Section 507(a)(8)(B) establishes the nondischargeability of a "property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition." As outlined earlier, the summary judgment evidence submitted by the Plaintiff[17] establishes that the property taxes paid by the Defendants through the use of the AMEX account meet the statutory criteria of §507(a)(8)(B) and, had those property taxes remained unpaid in the pre-petition period, they would have been rendered nondischargeable in the Defendants' bankruptcy case pursuant to §523(a)(1)(A).

In addition to the amounts charged to the AMEX account in 2011 for the purpose of satisfying the Defendants' property tax obligations, the Plaintiff seeks an award of attorney's fees in the amount of $1,260.00, plus the recovery of court costs in the amount of $293.00.

As to recovery of attorney's fees for services rendered in the prosecution of this adversary proceeding, with limited exceptions, state law controls whether attorney's fees are recoverable and reasonable, and Texas law permits an award of attorney's fees only if authorized by statute or contract. *Intercontinental Group P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). In this case, the recovery of attorney's fees is authorized under both modes. Chapter 38 of the Texas Civil Practice and Remedies Code

---

[17] *See supra* notes 12 and 13.

authorizes a recovery of attorney's fees in certain types of lawsuits, such as suits on a sworn account or a written contract.  See 2A TEX. CIV. PRAC. & REM. CODE §38.001, et seq. (Vernon 2008).  Additionally, the Defendants have admitted that the account agreement which they executed with AMEX contractually provided for the payment of reasonable attorney's fees and all costs expended by AMEX in collecting sums due under the Account.[18]  The Plaintiff has undoubtedly incurred reasonably necessary fees and costs in the successful prosecution of the complaint in this adversary proceeding and the sum of $1,260.00 in accrued attorney's fees easily falls within the sphere of reasonableness.  The Plaintiff's recovery of court costs of $293.00 expended in the filing of the adversary complaint is also proper under 28 U.S.C. §1920.

With regard to the recovery of attorney's fees and associated costs, "the status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt. When the primary debt is nondischargeable  . . . , the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable." *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1208 (5th Cir. 1996).  As the Supreme Court recognized in *Cohen v. de la Cruz,* 523 U.S. 213, 218 (1998), the discharge exception contained in §523(a)(2)(A) encompasses all liability, including attorney's fees, that is traceable to a debtor's fraudulent conduct and it noted in *Cohen* that debts rendered nondischargeable under other subsections of §523(a) would

---

[18] See Admission #3.

also render associated fees and costs nondischargeable, so long as the recovery of such associated fees and costs would be authorized under applicable law. Though *Cohen* was a §523(a)(2)(A) fraud case and made no mention of §523(a)(14) or (14A), its rationale applies equally to a determination of nondischargeability under §523(a)(14A). *See, e.g., Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785-86 (B.A.P. 9th Cir. 2011).

Accordingly, the Plaintiff has made a *prima facie* showing that it is entitled to a summary judgment against the Defendants for a recovery of $4,334.63, plus attorney's fees in the amount of $1,260.00, plus court costs of $293.00, and that such aggregate debt should be declared nondischargeable pursuant to §523(a)(14A) of the Bankruptcy Code. The burden therefore shifts to the Defendants under Fed. R. Civ. P. 7056(e) to set forth specific facts demonstrating that there is a genuine issue of material fact for trial or that judgment should not otherwise be entered as a matter of law.[19] As previously stated, the Defendants did not respond to the motion for summary judgment in any way, thereby failing to submit any summary judgment evidence that controverts any of the facts established under the summary judgment evidence tendered by the Plaintiff.[20]

---

[19] Fed. R. Civ. P. 56(e), as incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 56, states, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

[20] The Court's procedure in this context is governed by Local District Court Rule CV-56, which is incorporated into all bankruptcy adversary proceedings by LBR 7056(d). Subsection (c) of that rule

The Court therefore concludes that the Plaintiff, American Express Centurion Bank, is entitled to summary judgment that it should recover the aggregate sum of $5,887.63 from the Defendants, Salman Valliani and Seema Valliani, jointly and severally, together with appropriate post-judgment interest at the federal post-judgment interest rate, and that such debt should be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(14A). An appropriate order and a judgment will be entered which are consistent with this opinion.

Signed on 01/30/2014

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

provides as follows:

> (c) In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.